IN THE UNITED STATES DISTRIC COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA WILLS | * |
| Plaintiff, | * |
| v. | *   Case No.: 1:23-cv-00517-TSC |
| DISTRICT OF COLUMBIA, et al. | * |
| Defendants. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW, the Plaintiff, Sandra Wills, by and through her counsel, Adam Z. Chandlee and The Valente Law Group, who files this Complaint and, for the reasons therefore, states as follows:

## PARTIES

1. That Plaintiff, Sandra Wills (hereinafter "Plaintiff"), is an adult resident of Maryland.

2. That at all times relevant hereto, Defendant, the District of Columbia (hereinafter "Defendant DC"), is a body politic, with the legal capacity to be sued, acting through the Metropolitan Police Department and a principal place of business in Washington, D.C.

3. That Defendant, James Love (hereinafter "Officer Love"), was a Metropolitan Police Officer and acting under the color of law at all times relevant herein.

4. That Defendant, Robert Brown (hereinafter "Officer Brown"), was a Metropolitan Police Officer and acting under the color of law at all times relevant herein.

5. That Defendant, Onoja Frederick (hereinafter "Officer Frederick"), was a Metropolitan Police Officer and acting under the color of law at all times relevant herein.

## PRE-SUIT REQUIREMENTS

6. That the Court has jurisdiction over the persons and subject matter of this action based on D.C. Code § 11-921.

7. That venue is proper in this Court, as the relevant events took place in the District of Columbia.

8. That Defendant DC was given notice of this claim pursuant to D.C. Code § 12-309 on June 16, 2020.

## STATEMENT OF FACTS

9. That on January 23, 2020, at approximately 5:00 p.m., Plaintiff was driving on South Dakota Avenue when she was pulled over by the Metropolitan Police.

10. That Officer Love, Officer Brown, and Officer Frederick approached Plaintiff's vehicle.

11. That one of the officers hit Plaintiff's passenger side window with a nightstick and another told Plaintiff's to unlock her door.

12. That one of the officers reached through the open driver's side door, unlocked the door, whereupon the three officers violently and unjustifiably grabbed Plaintiff, pulled her through the window/door, twisted her arm, and handcuffed her, causing severe injuries.

13. That, thereafter, Plaintiff was cited for running a red light, despite entering the intersection with a yellow traffic signal governing her direction of travel.

14. That at all times relevant herein, Officer Love, Officer Brown, and Officer Frederick were employees and/or agents and/or servants of Defendant DC and was acting in their capacity of a law enforcement officer for the District of Columbia.

## COUNT I
## 42 U.S.C. § 1983

15. That the Plaintiff repeats and realleges as set forth fully herein the allegations contained in paragraphs one (1) through fourteen (14) of this Complaint.

16. That this is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to the Plaintiff by the Constitution of the of the United States.

17. That during all times mentioned herein, Defendants, individually and/or by and through their agents, servants and/or employees, engaged in the illegal conduct herein mentioned, to the injury of the Plaintiff and deprived the Plaintiff of her then existing and clearly established rights, privileges, and immunities secured to her by the Constitution of the United States.

18. That the Defendants, individually and/or by and through their agents, servants and/or employees, acting under color of law, have subjected the Plaintiff to conduct consisting of deprivation of her due process rights, deprivation of her equal protection rights, police misconduct, improper training and procedures and protocols which may, upon further information, constitute a pattern and practice by the Defendants, in denial of the rights, privileges, and immunities guaranteed to the Plaintiff by the Constitution of the United States.

19. That this conduct consists of acts of police misconduct, and the other allegations set forth above which was visited upon the Plaintiff by the Defendants, individually and/or by and through their and agents, servants and/or employees, acting under color of law. These acts, while carried out under color of law, have no jurisdiction or excuse in law, and are instead gratuitous, illegal, improper, objectively unreasonable, and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

20.     That the acts alleged herein violated clearly established constitutional rights of Plaintiff, including, but not limited to, the 4th and 14th Amendments, were not objectively reasonable, and were done under circumstances in which no reasonable officer would fail to realize that his conduct was a violation of the Plaintiff's rights.

21.     That Defendants, individually and/or by and through their agents, servants and/or employees, acted improperly and/or acted willfully, knowingly, and purposefully with specific intent, to deprive Plaintiff of her rights, privileges, and immunities secured to her by the Constitution of the United States, including, but not limited to, the following: freedom from physical abuse, coercion, and intimidation, the right to due process, and the right to life, the right to liberty, and the right to property. All of these rights are secured to Plaintiff by the Constitution of the United States.

22.     That alternatively, the acts alleged herein were intentionally performed, with malice, without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure Plaintiff. In other words, the officers acted in bad faith.

23.     That as a direct and proximate result of the actions of Defendants, by and through their agents, servants and/or employees, Plaintiff received severe, painful and permanent injuries to her body, as well as severe and protracted shock to her nervous system, all of which have caused and will continue to cause her in the future great pain, suffering, mental anguish, emotional distress, humiliation, embarrassment, injury to reputation, and other non-economic damages.

24.     That as a direct and proximate result of the actions of Defendants, by and through their agents, servants, and/or employees, Plaintiff has been forced to expend and will continue to

expend in the future, large sums of money for hospitalization, x-rays, doctors, nurses, medical treatment, and medications for the treatment of the aforementioned injuries sustained by Plaintiff.

25. That as a direct and proximate result of the actions of Defendants, by and through their agents, servants, and/or employees, Plaintiff was forced to lose time from her employment and suffered a loss of wages.

WHEREFORE, the Plaintiff, Sandra Wills, prays for judgment against Defendants, jointly and severally, for an amount of Five-Hundred Thousand Dollars ($500,000.00), plus interest and costs of this suit.

Respectfully Submitted,
THE VALENTE LAW GROUP

Adam Z. Chandlee
Bar# 1723334
2200 Defense Highway, Suite 304
Crofton, Maryland 21114
(410) 451-1777
achandlee@jpvlawgroup.com
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff prays for a trial by jury in the above-captioned matter.

Adam Z. Chandlee